**Russell S. TAFT, Respondent,**

v.

**ADVANCE UNITED EXPRESSWAYS and Excalibur Insurance Company/Minnesota Insurance Guaranty Association, Respondents,**

**and**

**Advance United Expressways and National Union Fire Insurance Company, Relators.**

**No. C9–90–2153.**

Supreme Court of Minnesota.

Jan. 25, 1991.

Richard Riemer, Erstad & Riemer, Minneapolis, for relators.

Michael D. Miller, Minneapolis, for Advance United Expressways.

Frederick M. Hass, Brooklyn Center, for Russell S. Taft.

SIMONETT, Justice.

In this case we agree with the Workers' Compensation Court of Appeals that it does not have subject-matter jurisdiction over a contribution/reimbursement claim by a compensation insurer against the Minnesota Insurance Guaranty Association.

Petitioner-relator National Union Fire Insurance Company (accompanied by its insured employer Advance United Expressways) filed a petition for reimbursement or contribution with the Workers' Compensation Division, naming Excalibur Insurance Company and the Minnesota Insurance Guaranty Association as respondents. Excalibur had gone through liquidation proceedings for insolvency, and the petition asked for an order requiring the Guaranty Association to pay National Union's equitable apportionment claim against Excalibur.

The parties stipulated that National Union had paid the employee certain temporary total disability benefits and medical and rehabilitation expenses for an August 1984 back injury occurring while the employee was working for employer Advance United Expressways; that the employee had previously injured his back in August 1975 while working for the same employer who was then insured by Excalibur Insurance Company; that 30 percent liability was attributable to the first injury and 70 percent to the second injury; and that Excalibur was insolvent. The Guaranty Association, which was administering claims against Excalibur, reserved its right to assert that the reimbursement claim was not a "covered claim" under Minn.Stat. ch. 60C, the Minnesota Insurance Guaranty Association Act.

The compensation judge decided in favor of petitioner National Union. The judge ruled that the claim for reimbursement or contribution was a covered claim under Minn.Stat. ch. 60C and awarded National Union its 30 percent reimbursement against the Guaranty Association. On appeal, the Workers' Compensation Court of Appeals (WCCA) decided, sua sponte, that it lacked subject-matter jurisdiction over the case. The WCCA vacated the compensation judge's decision and dismissed the appeal. National Union (and the employer) now seek review of the WCCA's decision by writ of certiorari. We affirm.

The issue is whether the Workers' Compensation Court of Appeals has subject-matter jurisdiction over a claim by a workers' compensation insurer against the Guaranty Association for reimbursement of benefits paid on behalf of an insolvent insurer.

Minn.Stat. § 175A.01, subd. 5 (1990) provides that the Workers' Compensation Court of Appeals "shall have no jurisdiction in any case that does not arise under the workers' compensation laws of this state * * *."

We think the jurisdictional issue in this case is easily resolved. In 1971 Minnesota

(as have many states) enacted legislation requiring most insurance companies doing business in this state, with certain exceptions,[1] to form an insurance guaranty association. Minn.Stat. ch. 60C (1990). The association is funded by assessments levied on the member insurers based on their premium business. There are five separate accounts for different kinds of insurance business, one account being for workers' compensation insurance claims. Section 60C.04.[2] Funds in these accounts are used "to avoid financial loss to claimants or policy holders because of the liquidation of an insurer * * *." Section 60C.02, subd. 2.

With respect to claims against insolvent insurers, the association is "deemed the insurer to the extent of its obligation on the covered claims." Section 60C.05. The association collects assessments and processes claims, id., conducting its operations through a nine-member board of directors. Sections 60C.04 and 60C.08.

This board of directors "shall determine whether claims submitted for payment are covered claims." Section 60C.10. The board may honor, reject, or modify a claim. Id. An aggrieved claimant may either appeal the board's decision to the Commissioner of Commerce and proceed under the appeal provisions of the Administrative Procedures Act, or the claimant "may seek judicial review of the board's actions." Section 60C.12.

■ To sum up, the legislature has provided a specific mechanism for dealing with claims against insolvent insurers in this state. Claims are filed with the Guaranty Association, which determines if the claim is a covered claim and what payment is to be made. If a claimant is dissatisfied, there is a prescribed procedure for further administrative and judicial review.

■ Here relator National Union has sought to bypass appearing in a proceeding before the Guaranty Association. Instead of pursuing its claim with the association, National Union has brought a proceeding before the Workers' Compensation Division, naming the Guaranty Association as a respondent and claiming this is a case of equitable apportionment. Not so. In this case, entitlement to equitable apportionment from Excalibur is simply a predicate fact to National Union's claim that the entitlement constitutes a "covered claim" when made against the Guaranty Association under the provisions of the Insurance Guaranty Association Act. This case is not about whether National Union has or had a claim against Excalibur but about whether National Union has a covered claim against the Guaranty Association—a quite different matter.

■ The WCCA correctly held that its jurisdiction does not extend to interpreting or applying legislation designed specially for the handling of claims against insolvent insurance companies in this state. *Freeman v. Armour Food Co.*, 380 N.W.2d 816 (Minn.1986), cited by National Union, is inapposite. There the WCCA had jurisdiction over a workers' compensation award and, incident to that jurisdiction, we said it could order a no-fault auto carrier to be reimbursed out of that award. Here, however, we do not have a case which arises "under the workers' compensation laws of this state," and we hold that the WCCA lacks subject-matter jurisdiction.

If National Union wished to obtain a judicial construction of what constitutes a covered claim under chapter 60C, it should have either pursued an appeal from the association's denial of its claim as outlined in that chapter, or have brought a declaratory judgment action in district court.

Affirmed.

GARDEBRING, J., took no part in the consideration or decision of this case.

1. Life insurance companies, credit, mortgage guaranty, and ocean marine insurers are excepted from membership in the association. Minn. Stat. § 60C.02, subd. 1 (1990).

2. The other accounts are the automobile insurance account, the township mutuals account, the fidelity and surety bond account, and the account for all other insurance to which Minn. Laws 1971, Chapter 145 applies.