**Robert AST, Respondent,**

v.

**HAR NED LUMBER and American Mut. Ins. Liability Co./MN Ins. Guar. Assn. (MIGA), Respondents,**

**and**

**Har Ned Lumber and Retail Lumbermen's Inter–Insurance Exchange, Relators,**

**and**

**Har Ned Lumber and American Motorist Ins. Co., Respondents.**

No. C2–91–1629.

Supreme Court of Minnesota.

April 17, 1992.

James S. Pikala, Arthur, Chapman, Mc-Donough, Kettering & Smetak, Minneapolis, for relators.

Robert Ast, pro se.

Peter M. Banovetz, Adam S. Wolkoff, Gilmore, Aafedt, Forde, Andersen & Gray, Minneapolis, for Har Ned Lumber and American Mut. Ins. Liability Co./MN Ins. Guar. Assn.

Thomas J. Misurek, Pustorino, Pederson, Tilton & Parrington, Minneapolis, for Har Ned Lumber and American Motorist Ins. Co.

## OPINION

TOMLJANOVICH, Justice.

We affirm the decision of the Workers' Compensation Court of Appeals that it did not have subject matter jurisdiction to decide a reimbursement issue arising under the Minnesota Insurance Guaranty Association Act, Minn.Stat. ch. 60C (1990).

This action arises from compensation benefits paid to Robert Ast, an employee of Har Ned Lumber who sustained several work-related injuries. Over the period of time Ast suffered his injuries, Har Ned Lumber was insured for workers' compensation benefits by three different insurers: American Mutual Liability Insurance (Mutual), Retail Lumbermen's Inter–Insurance Exchange (Lumbermen's) and American Motorist Insurance Company (Motorist). On December 22, 1986, the Workers' Compensation Division issued a Temporary Order requiring Lumbermen's to pay Ast compensation benefits pending a final determination of liability as provided by Minn.Stat. § 176.191.[1]

On March 2, 1989, Lumbermen's Petition for Reimbursement pursuant to section 176.191, subd. 1, was heard before the compensation division. The compensation judge found that Lumbermen's was not responsible for any of the benefits it paid under the Temporary Order. Accordingly, the compensation judge ordered Mutual to reimburse Lumbermen's for 75 percent of the compensation benefits and ordered Motorists to reimburse Lumbermen's the remaining 25 percent. There is no dispute regarding this apportionment.

After the hearing before the compensation judge, Mutual was declared insolvent. The Guaranty Association then stepped in and administered all claims against Mutual pursuant to Minn.Stat. ch. 60C. Lumber-

---

1. Minn.Stat. § 176.191, subd. 1 (1990) provides in relevant part:

  A temporary order may be issued under this subdivision whether or not the employers or insurers agree to pay under the order.

When liability has been determined, the party held liable for the benefits shall be ordered to reimburse any other party for payments which the latter has made, including interest at the rate of 12 percent a year.

men's then sought reimbursement from the Guaranty Association for benefits paid on behalf of the insolvent Mutual in the Workers' Compensation Division. The compensation judge and the Workers' Compensation Court of Appeals (WCCA) both held that no subject matter jurisdiction existed. This appeal followed.

The issue is whether Lumbermen's may proceed through the Workers' Compensation Division in its claim against the Guaranty Association or whether it must follow the established procedures set out in the Insurance Guaranty Act.

The resolution of this issue is governed by our recent decision of *Taft v. Advance United Expressways*, 464 N.W.2d 725 (Minn.1991). In *Taft*, we held that the WCCA lacked subject matter jurisdiction over a claim brought by a workers' compensation insurer against the Guaranty Association for benefits paid on behalf of an insolvent insurer. We explained:

> [T]he legislature has provided a specific mechanism for dealing with claims against insolvent insurers in this state. Claims are filed with the Guaranty Association, which determines if the claim is a covered claim and what payment is to be made. If a claimant is dissatisfied, there is a prescribed procedure for further administrative and judicial review.

464 N.W.2d at 727.

Lumbermen's argues that this action falls under the workers' compensation laws since it was ordered by the Workers' Compensation Division to pay temporary benefits pursuant to Minn.Stat. § 176.191. We think not. As we stated in *Taft*, "[i]f [Lumbermen's] wished to obtain a judicial construction of what constitutes a covered claim under chapter 60C, it should have either pursued an appeal from the association's denial of its claim as outlined in that chapter, or have brought a declaratory judgment action in district court." 464 N.W.2d at 727.

Lumbermen's also raises constitutional challenges to a finding that the claim is not a covered claim under the Insurance Guaranty Act. That finding has not been made

and the constitutional challenges are therefore premature. We do not reach them.

Affirmed.