**Randy GERADS, Respondent,**

v.

**BERNICK'S PEPSI–COLA, Western National Mutual Ins. Co., and Employers Insurance of Wausau, Relators,**

**and**

**Charles Bernick Bottling Co., and Minn. Ins. Guaranty Assoc., Respondents.**

No. CX–92–299.

Supreme Court of Minnesota.

June 26, 1992.

Larry J. Peterson, Larry J. Peterson & Assoc., St. Paul, and Barbara L. Heck, Larsen, Heck, Klimek & Powell, Minneapolis, for relators.

Frank J. Rajkowski, Donohue Rajkowski, Ltd., St. Cloud, for Randy L. Gerads.

Michael D. Miller, Cousineau, McGuire & Anderson, Minneapolis, for Charles Bernick Bottling Co., et al.

GARDEBRING, Justice.

This matter is before us on certiorari of Bernick's Pepsi–Cola and its workers' compensation liability insurers, Western National Insurance Group and Employer's Insurance of Wausau, to review a Workers' Compensation Court of Appeals' (hereinafter WCCA) determination that the Workers' Compensation Division of the Department of Labor and Industry had jurisdiction over a claim brought by the Minnesota Insurance Guaranty Association (hereinafter MIGA). Concluding that the WCCA's assumption of jurisdiction here necessarily entailed an interpretation or application of the Minnesota Insurance Guaranty Association Act, Minn.Stat. § 60C.01 et seq. (1990) (hereinafter chapter 60C), we reverse.

Randy Gerads worked for Bernick's Pepsi Cola (later Charles Bernick Bottling) as a truck driver and delivery person. Ideal Mutual Insurance Company insured employer for workers' compensation liability at a time when employee sustained compensable injuries in 1981 and 1982. At some point Ideal went through insolvency proceedings, and MIGA assumed Ideal's payments to employee pursuant to the provisions of chapter 60C.

Employee had sustained injuries in 1977 and 1980 while working for the same employer who was then insured, respectively, by Employers Insurance of Wausau and Western National Insurance Company (later Western National Insurance Group). MIGA filed a petition for contribution or reimbursement with the Workers' Compensation Division, alleging a right to apportionment. The compensation judge dismissed MIGA's petition, concluding he did not have jurisdiction over the claim. On appeal, the WCCA reversed and remanded for a hearing on the merits. The WCCA reasoned MIGA "stands in the shoes of Ideal" and may therefore assert the same right of contribution or reimbursement that Ideal may have had.

Relators contend that chapter 60C does not confer on MIGA the status of an insurer under the Workers' Compensation Act, Minn.Stat. § 176.001 et seq. (1990) (hereinafter chapter 176). Therefore, relators contend, MIGA is not entitled to the statutory subrogation. To the extent relators argue the WCCA's jurisdiction does not extend to determining MIGA's status, we agree. The basis for MIGA's payments to an injured worker—as distinguished from the amount and period of compensation due the worker—rest in chapter 60C, not chapter 176. MIGA's rights against relators also rest in chapter 60C, not chapter 176. Stated another way, unlike the employer whose payment obligations and subrogation rights exist because of chapter 176, MIGA's payment obligations exist because of chapter 60C. Thus, the WCCA's assumption that MIGA is simply a subrogee to the rights of an insolvent workers' compensation liability insurance carrier is an interpretation or application of chapter 60C, not chapter 176. The WCCA, however, lacks subject matter jurisdiction to construe or apply chapter 60C. *Ast v. Har Ned Lumber*, 483 N.W.2d 66 (Minn.1992); *Taft v. Advance United Expressways*, 464 N.W.2d 725, 727 (Minn.1991). Accordingly, it did not have the authority to make the legal determination as to MIGA's right to proceed as it did. MIGA's remedy to clarify this point lies in the district court.

Reversed.