**Thomas M. WISS, Respondent,**

v.

**ADVANCE UNITED EXPRESSWAY and Excalibur Insurance Co./MIGA, Relators,**

**and**

**Advance United Expressway and National Union Insurance Company/American International Adjust. Co., Respondents.**

**No. C8-92-947.**

Supreme Court of Minnesota.

Sept. 4, 1992.

---

Penny F. Helgren, Susan M. Pasch, Cousineau, McGuire & Anderson, Chartered, Minneapolis, for appellant.

Richard Riemer, Erstad & Riemer, P.A., Minneapolis, for Advance United Expressway, et al.

James E. Lindell, Lowe, Schmidthuber & Lindell, Minneapolis, for Thomas Wiss.

KEITH, Chief Justice.

The Workers' Compensation Court of Appeals reversed the compensation judge's determination that the workers' compensation division did not have jurisdiction over a collateral dispute between the Minnesota Insurance Guaranty Association (MIGA) and National Union Fire Company. We reverse.

Thomas M. Wiss worked as a dockman for Advance United Expressways. He sustained compensable injuries in 1977, 1979, 1981, and 1982, when employer was insured by Excalibur Insurance Company. When Excalibur went through insolvency proceedings, MIGA assumed administration of claims against Excalibur pursuant to the provisions of the Minnesota Insurance Guaranty Association Act, Chapter 60C of the Minnesota Statutes. In 1983, 1984, and 1986, Wiss sustained additional compensable injuries when Advance United Expressway was insured by National Union Fire Insurance Company. National Union Fire accepted liability and paid various benefits, including medical, rehabilitation, and wage loss compensation.

National Union Fire initially filed a petition for contribution or reimbursement with the workers' compensation division to require MIGA to pay a proportionate share of the total liability for benefits. When MIGA challenged the workers' compensation division's jurisdiction over the claim, National Union Fire withdrew the contribution/reimbursement petition. From our review of the record, it appears Wiss filed a claim petition for various benefits, naming both MIGA and National Union Fire as parties; National Union Fire filed a "Petition to Discontinue Benefits," requesting that its liability be reduced by a proportionate share attributable to the pre–1983 injuries; and Wiss and National Union Fire reached an agreement whereby Wiss would continue to receive wage loss benefits from National Union Fire while he pursued a direct claim against MIGA for a proportionate share of future benefits.

The compensation judge dismissed National Union Fire's petition, concluding it involved issues beyond his jurisdiction. On

appeal, the WCCA reversed, deciding that in the absence of a formal claim for contribution or reimbursement against MIGA, the workers' compensation division had jurisdiction to "equitably apportion" liability against MIGA. The matter was then remanded to the compensation judge for an allocation determination; on appeal following the remand, the WCCA affirmed. The matter is now before us on certiorari.

Jurisdiction of the workers' compensation division does not extend to interpretation or application of the provisions for the handling of claims pursuant to the Minnesota Insurance Guaranty Act, Minn.Stat. ch. 60C (1990). *Taft v. Advance United Expressways*, 464 N.W.2d 725, 727 (Minn. 1991). Thus, petitions for contribution/reimbursement between insurance carriers and MIGA are beyond the jurisdiction of the workers' compensation courts. *Id.; Ast v. Har Ned Lumber*, 483 N.W.2d 66 (Minn.1992); *Gerads v. Bernick's Pepsi-Cola*, 486 N.W.2d 433, 434 (Minn.1992). The fact that the employee filed a claim for benefits, naming MIGA and National Union Fire as parties, did not change what was primarily a collateral dispute between MIGA and the carrier seeking to reduce its liability through the workers' compensation system instead of through the procedures outlined in *Taft*. As in *Taft*, this was not a case of equitable apportionment between National Union Fire and Excalibur. "[E]quitable apportionment * * * is simply a predicate fact to National Union's claim that the entitlement constitutes a 'covered claim' * * *." 464 N.W.2d at 727.

Reversed.