**Troels BOTLER, Relator,**

v.

**WAGNER GREENHOUSES and One Beacon Insurance Company, Respondents.**

No. A08–55.

Supreme Court of Minnesota.

Aug. 21, 2008.

Donald W. Kohler, St. Paul, Minnesota, for Relator.

James S. Pikala, Arthur, Chapman, Kettering, Smetak & Pikala, Minneapolis, Minnesota, for Respondents.

## OPINION

ANDERSON, G. BARRY, Justice.

We review on certiorari a decision of the Workers' Compensation Court of Appeals (WCCA) vacating a decision issued by a workers' compensation judge for lack of jurisdiction. The workers' compensation judge awarded employee Troels Botler costs and fees for the court appointment of a successor guardian and conservator but denied his claim for payment of the additional costs associated with the successor guardian's and conservator's services. Concluding that the compensation judge had jurisdiction to award the costs and fees for the appointment of the successor guardian and conservator and that the Workers' Compensation Act does not provide for the additional relief sought, we reverse and reinstate the compensation judge's decision.

On January 4, 2002, Troels Botler, an employee of Wagner Greenhouses, sustained serious injuries, including a closed-head injury, in a workplace accident. Wagner Greenhouses and its workers' compensation liability insurer, One Beacon Insurance Company (collectively Wagner), admitted liability and paid benefits. On April 16, 2002, by district court order, Botler's spouse was appointed general conservator. Botler has resided in a nursing home since 2004, and Wagner has paid the costs for the nursing home as a medical expense.

On December 12, 2005, Botler filed a claim petition, seeking additional workers' compensation benefits, including permanent total disability benefits, as well as attorney fees and costs associated with his conservator. In September 2006, after Botler and his spouse divorced, Lutheran Social Services (LSS) was appointed successor general guardian and conservator by district court order. The LSS guardian provided services including monthly visits with Botler, working with nursing home personnel, attending quarterly care conferences, conferring with health care providers, making placement decisions, and taking responsibility for Botler's personal items. As conservator, LSS was responsible for gathering and managing Botler's assets.

By the time Botler's claim was heard, the parties had settled claims related to additional compensation, and Wagner agreed to pay the costs and fees for the initial conservator appointment. The remaining issues identified by the workers' compensation judge for resolution were: (1) whether Minn.Stat. § 176.092 (2006) requires the insurer or self-insured employer to pay the costs and fees for the appointment of successor guardians or conservators; and (2) whether the insurer or self-insured employer is obligated under the Workers' Compensation Act to pay (a) "reasonable compensation to an individual or corporate fiduciary for providing guardianship or conservatorship services" and (b) "the costs of an annual accounting to Probate Court."

The workers' compensation judge concluded that the Workers' Compensation

Act requires an insurer or self-insured employer to pay the court costs and fees related to the appointment of successor guardians or conservators and ordered Wagner to pay the costs and attorney fees for the appointment of LSS. The compensation judge denied Botler's claim for LSS's additional charges, however, finding that the Act "does not set out that a workers' compensation insurer or self-insured employer in Minnesota is responsible for paying the reasonable charges of guardians and conservators and the costs of preparing and filing the annual accounting required by Probate Court."

Botler appealed the denial of his claim for additional guardian and conservator costs. The WCCA vacated the compensation judge's findings and order and dismissed the appeal, concluding that "jurisdiction of the workers' compensation courts does not extend to interpreting or applying Minn.Stat. § 524.5–501(c) [the probate statute dealing with appointment of guardians or conservators on referral under section 176.092]" and finding "nothing in the Workers' Compensation Act authorizing the relief requested." *Botler v. Wagner Greenhouses*, 67 Minn. Workers' Comp. Dec. 450, 454–55 (WCCA 2007).

▮ This case presents two issues for review: (1) whether the compensation judge had jurisdiction to award costs and fees for the court appointment of successor guardian and conservator LSS; and (2) when a guardian or conservator is mandated under the Act, whether the insurer or self-insured employer is responsible for the additional costs associated with guardian or conservator services. Both issues present questions of law, which we review de novo. *See Roemhildt v. Gresser Cos., Inc.*, 729 N.W.2d 289, 292 (Minn.2007).

I.

▮ Generally, the jurisdiction of the workers' compensation courts is limited to construction and application of the Workers' Compensation Act. *See, e.g., Taft v. Advance United Expressways*, 464 N.W.2d 725, 727 (Minn.1991) (holding that the WCCA did not have jurisdiction to interpret or apply statutes governing claims against insolvent insurance companies); *Cooper v. Younkin*, 339 N.W.2d 552, 554 (Minn.1983) (stating that the jurisdiction of the [WCCA] is limited to the construction and application of the Workers' Compensation Act and holding that the WCCA did not have authority to create a remedy based on equitable principles). The courts' jurisdiction "does not extend to interpreting or applying legislation designed specially for the handling of claims outside the workers' compensation system." *Sundby v. City of St. Peter*, 693 N.W.2d 206, 215 (Minn.2005). Workers' compensation courts may, however, look to laws outside the system for instruction. *Id.* at 215–16 (concluding that the WCCA did not exceed its authority when it looked to federal law for instruction in the calculation of the workers' compensation offset for social security disability benefits).

"An injured employee or a dependent ... who is a minor or an incapacitated person as that term is defined in section 524.5–102, subdivision 6, shall have a guardian or conservator to represent the interests of the employee or dependent in obtaining compensation according to the provisions of this chapter." Minn.Stat. § 176.092, subd. 1. This provision applies to employees who receive or are entitled to receive permanent total disability benefits, supplementary benefits, or permanent partial disability benefits exceeding $3,000; dependents entitled to receive dependency benefits; and employees or dependents who receive or are offered a lump sum exceeding five times the statewide average weekly wage. *Id.*

If an injured employee or dependent does not have a guardian or conservator and his or her attorney knows or has reason to believe the employee or dependent is a minor or an incapacitated person, the attorney must seek a district court order appointing a guardian or conservator. *Id.*, subd. 2. If the employer, insurer, or Special Compensation Fund (if applicable) knows or has reason to believe the employee or dependent is a minor or an incapacitated person, the employer, insurer, or Special Compensation Fund must notify the employee's or dependent's attorney. *Id.* If the employee or dependent has no attorney or the attorney fails to act, the employer or insurer must seek the appointment of a guardian or conservator and the Special Compensation Fund must notify the Commissioner of Labor and Industry or a compensation judge for referral of the matter to district court. *Id.*, subds. 2–3.

When a workers' compensation matter is referred to the district court under Minn. Stat. § 176.092, subd. 3, the court determines the status of an employee or dependent as a minor or an incapacitated person, appoints a guardian or conservator if required, and returns the "matter to the source of referral." Minn.Stat. § 524.5–501(a) (2006). "Subject to the approval of the court, the insurer or self-insured employer shall pay the costs and guardian, conservator, and attorney fees of the employee or dependent associated with the appointment of a guardian or conservator and as required under section 176.092." Minn.Stat. § 524.5–501(c) (2006).

Wagner initially denied responsibility for costs related to the court appointment of a successor guardian or conservator. The compensation judge analyzed Minn. Stat. §§ 176.092 and 524.5–501(c) together and concluded that an insurer or self-insured employer is responsible for the costs for the appointment of successor guardians or conservators.[1] The compensation judge reasoned that the statutory mandate for the appointment of a guardian or conservator informed this conclusion. Accordingly, the compensation judge ordered Wagner to pay the $252 filing fee and $592 fee for legal services for the appointment of LSS.

The WCCA apparently concluded that the jurisdiction of the workers' compensation courts does not extend to making such awards. Botler concedes that the workers' compensation courts do not have jurisdiction to determine the reasonableness of the costs and fees for the appointment of a guardian or conservator. In reliance on *Freeman v. Armour Food Co.*, 380 N.W.2d 816 (Minn.1986), however, he argues that the workers' compensation courts do have the authority to determine that an insurer or self-insured employer is responsible for those costs. Wagner agrees.

In *Freeman*, the WCCA had jurisdiction over a workers' compensation award and, incident to that jurisdiction, we said that the WCCA could order a no-fault auto carrier to be reimbursed out of that award:

> Here reimbursement has already been granted by the legislature. The fact that the right of reimbursement appears in Chapter 65B rather than Chapter 176 makes it no less a remedy which the WCCA should recognize. Of course, the WCCA has "no jurisdiction in any case that does not arise under the workers' compensation laws." Minn.Stat.

---

1. The compensation judge cited Minn.Stat. § 525.6199 (2002), which was repealed in 2003 and replaced with Minn.Stat. § 524.5–501(c) (2006). *See* Act. Of Apr. 11, 2003, ch. 12, art. 1, § 72, art. 2, § 8, 2003 Minn. Laws 116, 164, 170. Section 524.5–501(c) (2006) is nearly identical to section 525.6199 (2002), and we cite to the current statute throughout this opinion.

§ 175A.01, subd. 2. *See also Hagen v. Venem,* 366 N.W.2d 280, 283 (Minn.1985) (the WCCA is limited to "the construction and application of the Workers' Compensation Act"). This means that the WCCA lacks jurisdiction to determine a no-fault carrier's liability to pay no-fault benefits, but this need not conflict with the WCCA's jurisdiction to decide workers' compensation liability. *Id.* at 820. We noted policy reasons for having the WCCA award reimbursement, including avoiding multiple litigation and involvement of another forum to enforce the remedy. *Id.* at 820 n. 5.

Here, an argument can be made that the compensation judge engaged in impermissible interpretation and application of the Probate Code in concluding that Wagner was responsible for the costs and fees in this case and then making the award. On the other hand, the Probate Code does provide that the insurer or self-insured employer "shall pay" those costs and fees "as required under section 176.092":

> Subject to the approval of the court, the insurer or self-insured employer shall pay the costs and guardian, conservator, and attorney fees of the employee or dependent associated with the appointment of a guardian or conservator and as required under section 176.092.

Minn.Stat. § 524.5–501(c). By analogy to *Freeman,* we agree that the obligation for payment is a requirement that the Act recognizes in a proceeding on an employee's claim petition when the appointment of a guardian or conservator is mandated under section 176.092 and, as in this case, the amount and reasonableness of the costs and fees for the appointment are not in dispute. We therefore conclude that the compensation judge had jurisdiction to award costs and fees for the court appointment of LSS as guardian and conservator.

## II.

The next issue is whether the Act obligates the insurer or self-insured employer to pay "reasonable compensation to an individual or corporate fiduciary for providing guardianship or conservatorship services" and "the costs of an annual accounting to Probate Court" when a guardian or conservator is required under Minn. Stat. § 176.092. In considering Botler's claim, the compensation judge surveyed the Act, noting that it does not expressly obligate the insurer or self-insured employer to pay the ongoing guardian or conservator costs. The compensation judge also listened to the tapes of the subcommittee and full committee hearings on proposed legislation that led to the enactment of Minn.Stat. § 176.092 and companion provision Minn.Stat. § 524.5–501 (originally codified at Minn.Stat. § 525.6199 (Supp.1993); *see* Act of May 14, 1993, ch. 194, §§ 4, 9, 1993 Minn. Laws 786, 787–88, 790). The compensation judge noted that the focus of concern at the hearings was to ensure "that guardians and conservators would be available to enter into lump sum settlements for minors and legally incompetent adults after work injuries" and that there was no discussion about who would be responsible for the ongoing guardian or conservator costs. The compensation judge then looked to the Probate Code for instruction in construing the Workers' Compensation Act. In denying Botler's claim, the compensation judge explained that the Act contains no authority for an award of ongoing guardian or conservator costs.

Minnesota Statutes § 176.092, subd. 1, provides that an injured employee or dependent who is a minor or an incapacitated person "shall have a guardian or conservator to represent the interests of the employee or dependent in obtaining compensation according to the provisions of this

chapter." The guardian's or conservator's duties include, but are not limited to: "(1) representing the interests of the employee or dependent in obtaining compensation according to the provisions of this chapter; (2) receiving monetary compensation benefits, including the amount of any award, settlement, or judgment; and (3) acting as a fiduciary in distributing, managing, and investing monetary workers' compensation benefits." *Id.*, subd. 4. Pursuant to Minn. Stat. § 524.5–501(c), the insurer or self-insured employer "shall pay" the costs and fees "associated with the appointment of a guardian or conservator and as required under section 176.092."

■ "Workers' compensation ... is social legislation, providing a measure of security to workers injured on the job, with the burden of that expense considered a proportionate part of the expense of production." *Franke v. Fabcon, Inc.*, 509 N.W.2d 373, 376 (Minn.1993). Botler argues that in keeping with the underlying aim of the Act, the ongoing costs of a statutorily mandated guardian or conservator should be the responsibility of the insurer or self-insured employer. Certainly, Botler has sustained damages by reason of his incapacity as a result of his work injury. "Workers' compensation, however, is a statutory scheme estranged from common law liability and damages, and it affords benefits only pursuant to specific statutory provisions." *Langa v. Fleischmann–Kurth Malting Co.*, 481 N.W.2d 35, 38 (Minn.1992). As the compensation judge concluded, the Act does not provide for the payment of the costs associated with the ongoing services of a guardian or conservator, including an annual accounting. "When a question of statutory construction involves a failure of expression rather than an ambiguity of expression, courts are not free to substitute amendment for construction and thereby supply

the omissions of the legislature." *Genin v.1996 Mercury Marquis*, 622 N.W.2d 114, 117 (Minn.2001) (internal quotation marks omitted). Even accepting for the sake of argument, a proposition we do not reach here, that the Act contemplates that the insurer or self-insured employer is responsible for guardian or conservator costs and fees beyond those related to court appointment, Botler has never identified with any precision the additional costs and fees "associated with the appointment of [LSS] *and as required under section 176.092.*" Minn.Stat. § 524.5–501(c) (emphasis added).

■ In summary, we hold that the compensation judge had jurisdiction to award costs and fees for the court appointment of LSS but that the Act does not provide for the additional relief sought by the employee. We therefore reverse the decision of the WCCA and reinstate the compensation judge's findings and order. Because our disposition reinstates the award of costs and fees for the court appointment of LSS, we allow attorney fees to the employee. Minn.Stat. § 176.511, subd. 5 (2006) ("Where upon a review by the Supreme Court upon certiorari, an award of compensation is affirmed, or modified and affirmed, or an order disallowing compensation is reversed, the court may allow a reasonable attorney's fee incident to the review.").

Reversed and reinstated.

Employee is awarded $1,600 in attorney fees.

MAGNUSON, C. J., not having been a member of this court at the time of the argument and submission, took no part in the consideration or decision of this case.