*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A16-0675**

Patrick H. Horan,
Relator,

vs.

Department of Employment and Economic Development,
Respondent.

**Filed December 27, 2016
Affirmed
Reilly, Judge**

Department of Employment and Economic Development
File No. 34149786-3

Peter B. Knapp, Colin J. Pasterski (certified student attorney), Mitchell Hamline Law Clinic, St. Paul, Minnesota (for relator)

Lee B. Nelson, Keri A. Phillips, Department of Employment and Economic Development, St. Paul, Minnesota (for respondent)

Considered and decided by Connolly, Presiding Judge; Bjorkman, Judge; and Reilly, Judge.

# UNPUBLISHED OPINION

**REILLY**, Judge

In this unemployment compensation appeal, relator Patrick Horan challenges the decision of the unemployment-law judge (the ULJ) that he is eligible for unemployment benefits, but that his unemployment benefits must be reduced by 50% of his Social Security

old-age benefits, pursuant to Minn. Stat. § 268.085 (2014).  On certiorari appeal, Horan argues that the ULJ misinterpreted the statute, that the statute is ambiguous, and that it violates his constitutional right to equal protection.  We affirm.

**FACTS**

The facts of this case are undisputed.  In April 2013, Horan applied for Title II Social Security disability and early retirement benefits, and he received early retirement benefits because of his age.  In September 2013, Horan began working as a bus driver for Center Line Charters Corporation (Center Line). That same month, the Social Security Administration revoked Horan's early retirement benefits, determined that he was entitled to monthly disability benefits, and enrolled him in the Ticket to Work program.  This program allowed Horan to work while receiving disability benefits.  Horan continued to work as a bus driver until December 2014, when Center Line suspended him.  In January 2015, Center Line terminated Horan's employment.  In the interim, Horan applied for unemployment benefits and the Minnesota Department of Employment and Economic Development (the department) issued an initial determination that Horan was ineligible for benefits because he was discharged for misconduct.  Horan filed an administrative appeal and the ULJ affirmed the department's decision.  Horan then filed a certiorari appeal to this court.  In November 2015, we reversed the ULJ's decision and determined that Horan was entitled to unemployment benefits.

2

In March 2015, during the pendency of his appeal, Horan reached the age of 66. Because Social Security's full retirement benefits (old-age benefits)[1] age is 66, the Social Security Administration automatically terminated Horan's disability benefits and enrolled him in old-age benefits. In December 2015, the department determined that Horan remains eligible for unemployment benefits but that his weekly unemployment benefits must be reduced by 50% of the weekly equivalent of his old-age benefits, as required by Minn. Stat. § 268.085. The department reduced Horan's benefits because he did not earn all of his wage credits while receiving Social Security disability benefits or Social Security old-age benefits.

Horan filed an administrative appeal. The ULJ conducted a telephone hearing and issued a written decision, in which the ULJ concluded that the department did not err by applying the 50% deduction to Horan's application. With the assistance of counsel, Horan requested reconsideration and raised numerous legal arguments. The ULJ rejected Horan's arguments and affirmed the decision on reconsideration. This certiorari appeal followed.

## D E C I S I O N

### I. The plain language of the statute requires that the department reduce Horan's unemployment benefits by 50% of his old-age benefits.

Horan first argues that he is entitled to receive full unemployment benefits because the ULJ misapplied Minn. Stat. § 268.085. The provision of the statute that governs Social Security old-age benefits provides, in relevant part:

> (a) Any applicant aged 62 or over is required to state when filing an application for unemployment benefits and when

---

[1] A statutory term of art.

> filing continued requests for unemployment benefits if the applicant is receiving, has filed for, or intends to file for, primary Social Security old age benefits for any week.
>
> Unless paragraph (b) applies, 50 percent of the weekly equivalent of the primary Social Security old age benefit the applicant has received, has filed for, or intends to file for, with respect to that week must be deducted from an applicant's weekly unemployment benefit amount.
>
> (b) If all of the applicant's wage credits were earned while the applicant was claiming Social Security old age benefits, there is no deduction from the applicant's weekly unemployment benefit amount.

Minn. Stat. § 268.085, subd. 4(a)-(b) (2014).  Because Horan earned less than all of his wage credits while receiving Social Security old-age benefits, the ULJ determined that the 50% deduction applies.  We agree.

The provision of the statute that governs Social Security disability benefits includes a similar exemption.  This provision provides, in relevant part:

> (a) An applicant who is receiving, has received, or has filed for primary Social Security disability benefits for any week is ineligible for unemployment benefits for that week, unless:
>
> (1) the Social Security Administration approved the collecting of primary Social Security disability benefits each month the applicant was employed during the base period. . . .
>
> . . . .
>
> (b) If an applicant meets the requirements of paragraph (a), clause (1), there is no deduction from the applicant's weekly benefit amount for any Social Security disability benefits.

Minn. Stat. § 268.085, subd. 4a (a)-(b) (2014). Horan fails to satisfy the statutory exemption; Social Security did not approve Horan's collection of disability benefits for each month he was employed during the base period.

But Horan argues that he is entitled to receive full unemployment benefits because the statute is ambiguous—the statute does not include an exemption for individuals who receive disability benefits and then old-age benefits during the base period. The department argues that Horan is not entitled to full unemployment benefits for two reasons. First, the plain language of the statute requires the department to apply the 50% deduction to Horan's application. Second, the legislature's omission of an exemption applicable to Horan does not render the statute ambiguous. Statutory construction is a question of law that this court reviews de novo. *Emerson v. Sch. Bd. of Indep. Sch. Dist. 199*, 809 N.W.2d 679, 682 (Minn. 2012).

The department determined that Horan's relevant base period is October 1, 2014 to September 30, 2015. *See* Minn. Stat. § 268.035, subd. 4 (2014). In March 2013, Horan began receiving early retirement benefits. He continued to receive early retirement benefits until September 2013, when the Social Security Administration automatically terminated his early retirement benefits and enrolled him in disability benefits. From September 2013 to March 2015, Horan received disability benefits. In March 2015, Horan reached full retirement age, and the Social Security Administration automatically terminated his disability benefits and enrolled him in old-age benefits. But the plain language of the statute requires that Horan receive all of his wage credits while receiving old-age benefits or that the Social Security Administration approve Horan's collection of disability benefits

5

for each month of his employment during the base period. Horan received five months of disability benefits while earning wage credits. He then received seven months of old-age benefits while earning wage credits. Given the plain language of the statute, Horan is ineligible for the old-age benefits exemption in subdivision 4, paragraph (b), and the disability benefits exemption in subdivision 4a, paragraph (c). The ULJ therefore did not err by concluding that Horan's unemployment benefits are subject to the 50% deduction.

Nevertheless, Horan tries to avoid this result by insisting that the statute is ambiguous. If Horan "had continued to receive disability benefits throughout the time he earned [his] wage credits and then became unemployed, he would have qualified for the disability exemption." Alternatively, if he "had never qualified for disability benefits but instead continued to receive retirement benefits throughout the time he earned those wage credits and then became unemployed, he would have qualified for the retirement exemption." In other words, Horan asserts that the legislature's omission of an exemption applicable to persons who receive both old-age and disability benefits during the relevant base period renders the statute ambiguous.

"When a question of statutory construction involves a failure of expression rather than an ambiguity of expression," this court may not "substitute amendment for construction and thereby supply the omissions of the legislature." *Bolter v. Wagner Greenhouses*, 754 N.W.2d 665, 671 (Minn. 2008) (quotations omitted). When a statute "is completely silent on a contested issue," this court will look beyond the statutory language only if the "silence renders the statute susceptible to more than one reasonable

6

interpretation." *State Farm Mut. Auto. Ins. Co. v. Lennartson*, 872 N.W.2d 524, 532 (Minn. 2015) (quotations omitted).

The legislature enacted a bright-line rule distinguishing persons who are eligible for the disability or old-age exemption from persons who are close to satisfying the exemption requirements but are nonetheless ineligible. In drawing this distinction, the legislature omitted an exemption for individuals who received Social Security benefits for the entire wage credit period, but do not meet the requirements of subdivision 4, paragraph (b), or subdivision 4a, paragraph (c). This omission does not render the statute susceptible to more than one reasonable interpretation. If the legislature wanted to similarly exempt persons who received disability and old-age benefits during the relevant base period, it could have. We therefore may not "supply that which the legislature purposely omits or inadvertently overlooks." *Rohmiller v. Hart*, 811 N.W.2d 585, 591 (Minn. 2012) (quotation omitted).

Thus, the ULJ did not err by applying the statute to Horan's application and reducing his unemployment benefits accordingly.

## II. Applying the statute to reduce Horan's unemployment benefits did not violate Horan's constitutional right to equal protection.

Horan also argues that applying Minn. Stat. § 268.085 to reduce his unemployment benefits violates his constitutional right to equal protection. This court reviews a question regarding the constitutionality of a statute de novo. *Haugen v. Superior Dev., Inc.*, 819 N.W.2d 715, 720 (Minn. App. 2012). This court presumes the constitutionality of Minnesota statutes, *State v. Barker*, 705 N.W.2d 768, 771 (Minn. 2005), and we will

"declare a statute unconstitutional only with extreme caution and when absolutely necessary." *Haugen*, 819 N.W.2d at 721. Horan bears the burden of proving beyond a reasonable doubt that the statute violates a constitutional right. *Id.*

The Equal Protection Clause of the United States Constitution guarantees that "[n]o State shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. Like the Fourteenth Amendment Equal Protection Clause, the Minnesota Constitution provides that, "No member of this state shall be disenfranchised or deprived of any of the rights or privileges secured to any citizen thereof, unless by the law of the land or the judgment of his peers." Minn. Const. art. 1, § 2. Minnesota courts analyze both clauses "under the same principles," *State v. Johnson*, 813 N.W.2d 1, 11 (Minn. 2012), and mandate that all "similarly situated individuals shall be treated alike, but only invidious discrimination is deemed constitutionally offensive." *State v. Garcia*, 683 N.W.2d 294, 298 (Minn. 2004) (quotation omitted).

Under the equal-protection analysis, the threshold issue is whether Horan is "similarly situated in all relevant respects" to individuals who earn the entirety of their wage credits while receiving old-age or disability benefits, but is treated differently from those individuals. *Johnson*, 813 N.W.2d at 12. If Horan satisfies the similarly situated requirement, then this court must address whether there is a "rational basis" for the different treatment. *Garcia*, 683 N.W.2d at 298.

Relying on this court's unpublished opinion in *Baldridge v. Dep't of Emp't & Econ. Dev.*, 2014 WL 1758274, *5 (Minn. App. May 5, 2014), Horan argues that he is similarly situated to two groups of claimants who receive unemployment benefits without

8

deductions: applicants who earned all of their wage credits while receiving old-age disability benefits and applicants permitted to receive both unemployment and disability benefits without a reduction. As "an applicant that received both benefits," Horan contends that he "is similarly situated to both groups." The department argues that Horan is not similarly situated to either group for two reasons. First, Horan did not earn all of his wage credits while receiving old-age benefits. Second, the Social Security Administration did not approve Horan's receipt of disability benefits for each month that he was employed during the base period.

In *Baldridge*, the relator challenged a ULJ's determination that the 50% deduction applies to his unemployment benefits because he earned less than all of his wage credits while receiving old-age benefits. *Id.* at *1, 2. On certiorari appeal to this court, the relator argued that the statute violated his constitutional right to equal protection. *Id.* at *4. Although this court recognized that the relator was not "*identically* situated" to persons who earned all of their wage credits while receiving old-age benefits, this court reasoned that the two groups were "*similarly* situated." *Id.* at *5. We explained that "[a] person such as Baldridge, who was earning wage credits while receiving Social Security old-age benefits for eleven months, is fairly similar to a person who was doing so for twelve or thirteen months, more so than a person who was doing so for only one month." *Id.* at *5. Like the relator in *Baldridge*, Horan argues that he also earned the majority of his wage credits while receiving old-age benefits. In essence, Horan asks this court to further soften the legislative bright-line rule.

But unlike Baldridge, who earned 11 months of wage credits while receiving old-age benefits, Horan earned only 7 months of wage credits while receiving old-age benefits. *See id.* Seven months is substantially less than the 12-month requirement. Horan is therefore not similarly situated to persons who receive old-age benefits throughout the entirety of their base period. Unlike persons for whom "Social Security approved the collecting of primary Social Security disability benefits each month the applicant was employed during the base period," Horan collected disability benefits for only five months of his base period. Thus, Horan is not similarly situated to individuals eligible for either exemption.

Rather, Horan is similarly situated to individuals who earned substantially less than 12 months of wage credits while receiving disability benefits or old-age benefits. Like individuals who earned significantly less than 12 months of wage credits while receiving old-age benefits, Horan's weekly unemployment benefit amount must be reduced by 50% of the weekly equivalent of his old-age benefits.

Because Horan is not similarly situated to either proposed group, Horan fails to satisfy the threshold requirement under the equal-protection analysis. Thus, this court need not address whether the exemptions in subdivision 4, paragraph (b), and subdivision 4a, paragraph (c), are justified by a rational basis.

**Affirmed.**

10